PER CURIAM.
The appellant is a former police lieutenant under the civil service system of the City of Key West. He appeals an order dismissing with prejudice his petition for alternative writ of mandamus. Petitioner was discharged after a full evidentiary hearing before the Civil Service Board. More than two years later he wrote a letter to the Civil Service Board requesting reinstatement. The Board concurred in his request; the City Commission did not.
The trial judge properly found that the allegations of the petition tested against the Charter of the City of Key West affirmatively established that the Civil Service Board had no jurisdiction to reinstate appellant upon a simple letter from his attorney without notice to the City Commission of Key West.[1]
The order dismissing appellant’s petition for alternative writ of mandamus with prejudice is affirmed.

. Chapter H, Article I, Section 23, Charter of the City of Key West, Chapter 23374, Laws of Florida, 1945:
* * * * * “Any officer or employee of said City, who may claim to have been removed, suspended, demoted, reduced, fined or discharged by the said City or any officer, Board or Commission thereof without full compliance with the provisions of this Article, shall have the right to file a sworn petition before the said Civil Service Board setting up the facts upon which such complaint is based, and upon the filing thereof, the said Board shall cause a copy thereof to be served upon the City Commission and give reasonable notice of a hearing to be conducted before the said Board in a similar manner, to investigate the charges made in said petition, and in the event that upon such hearing it shall be found that such petitioner was improperly removed, suspended, demoted, reduced, fined or discharged, the said Board shall certify its findings to the City Commission of said City, and said petitioner shall be immediately reinstated and shall receive full compensation for all the time for which he has not been heretofore compensated.”